JS 44 (Rev. 11/04)     CIVIL COVER SHEET     APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS CALISA TOWNES

**DEFENDANTS** PLATINUM RECOVERIES, LLC, PREMIUM RECEIVABLES, LLC, d/b/a PREMIUM ASSET SERVICES and WORLDWIDE ASSET RECOVERIES, LLC

(b) County of Residence of First Listed Plaintiff **PHILADELPHIA**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) Attorney's (Firm Name, Address, and Telephone Number) Cary L. Flitter, Esq., and Theodore E. Lorenz, Esq., Flitter Lorenz, P.C., 450 N. Narberth Avenue, Suite 101, Narberth, PA 19072, (610) 822-0782

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): _____

Brief description of cause: TCPA, 47 U.S.C. § 227

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** _____

CHECK YES only if demanded in complaint
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 3/26/14

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by w, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of th lerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed he attorney filing a case should complete the form as follows:

(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only e full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, givin >th name and title.

(b) County of Residence. For each civil case filed, except U. S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of ling. In U. S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, th )unty of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in is section "(see attachment)".

**Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one ? the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

nited States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

nited States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

?deral question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to th onstitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and bo or 2 should be marked.

iversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the fferent parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

I. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section ir each principal party.

/. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficien · enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, selec e most definitive.

**Origin.** Place an "X" in one of the seven boxes.

riginal Proceedings. (1) Cases which originate in the United States district courts.

emoved from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition foi :moval is granted, check this box.

emanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

einstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

ransferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict :igation transfers.

lultidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is 1ecked, do not check (5) above.

ppeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

I. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes nless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**II. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

emand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

iry Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**III. Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and e corresponding judge names for such cases.

**ate and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT     APPENDIX F

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 600 Red Lion Road, Apt. L3, Philadelphia, PA 19115

Address of Defendant: 2414 S. Fairview Street, Suite 210, Santa Ana, CA 92704

Place of Accident, Incident or Transaction: 600 Red Lion Road, Apt. L3, Philadelphia, PA 19115
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐  No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐  No ☒

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes ☐  No ☒

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) TCPA, 47 U.S.C. § 227

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability (Asbestos)
9. ☐ All other Diversity Cases
   (Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, Andrew M. Milz, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought

DATE: 3/26/14      Attorney-at-Law      207715  Attorney I.D.

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/26/14      Attorney-at-Law      207718  Attorney I.D.

CIV.609 (4/03)

**APPENDIX I**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| CALISA TOWNES | : | CIVIL ACTION |
| V. | : | |
| PLATINUM RECOVERIES, LLC, PREMIUM RECEIVABLES, LLC, d/b/a PREMIUM ASSET SERVICES AND WORLDWIDE ASSET RECOVERIES, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.  (   )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits  (   )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (   )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  (   )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases)  (   )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( X )

3/26/14                            ANDREW M. MILZ
**Date**      **Attorney at Law**     **Attorney for Plaintiff**

(610) 822-0782      (610) 667-0552         AMILZ@consumerslaw.com
**Telephone**        **Fax Number**          **E-Mail Address**
(Civ.660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CALISA TOWNES<br>600 Red Lion Road, Apt. L3<br>Philadelphia, PA 19115<br>                Plaintiff,<br><br>vs.<br><br>PLATINUM RECOVERIES, LLC<br>2414 S. Fairview St. Suite 210<br>Santa Ana, CA 92704<br><br>         and<br><br>PREMIUM RECEIVABLES, LLC<br>d/b/a PREMIUM ASSET SERVICES<br>2414 S. Fairview St. Suite 210<br>Santa Ana, CA 92704<br><br>         and<br><br>WORLDWIDE ASSET RECOVERIES, LLC<br>2414 S. Fairview St. Suite 210<br>Santa Ana, CA 92704<br>                Defendants. | CIVIL ACTION<br><br>NO. |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by a consumer, pursuant to the Consumer Credit Protection Act, 15 U.S.C. § 1601, et seq. ("CCPA") and Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2. The subchapter of the CCPA called the Electronic Fund Transfers Act ("EFTA") mandates written authorization for electronic withdrawals and prohibits unauthorized electronic fund transfers from a consumer's bank account. 15 U.S.C. § 1693. The Fair Debt Collection Protection Act ("FDCPA") subchapter also prohibits the unfair tactic of appropriating a

consumer's bank funds without authorization or withdrawing funds without proper notice. 15 U.S.C. §1692f.

3. The defendant debt collectors violated both the EFTA and the FDCPA by electronically debiting Plaintiff's bank account when it was not properly authorized to do so, causing her to overdraft.

4. Under the FDCPA a debt collector may not falsely threaten a lawsuit or other action that cannot legally be taken or is not intended to be taken, and from harassing or abusing any person in the effort to collect a debt. 15 U.S.C. § 1692e, e(5), 1692d. Also, the FDCPA bars debt collectors from communicating with a third party in connection with the collection of any debt (except in limited circumstances not present here). 15 U.S.C. § 1692c(b).

5. Defendant debt collectors made a series of harassing phone calls to a Plaintiff, falsely threatened court proceedings, and made damaging statements in calls to the Plaintiff and her employer. Defendants' conduct caused Plaintiff great humiliation, aggravation, anxiety and other damages.

6. Defendants also placed multiple automated collection calls to Plaintiff on her cellular phone without her prior express consent, as required by the TCPA.

**II.   JURISDICTION**

7. Subject matter jurisdiction of this Court arises under the CCPA, 15 U.S.C §1692k and § 1693m, actionable through 28 U.S.C. §§1331, 1337.

8. This Court also has federal question jurisdiction over the case pursuant to the TCPA, 47 U.S.C. § 227, and pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Ser., Inc.*, 132 S.Ct. 740 (2012).

2

9.  *In personam* jurisdiction exists and venue is proper, as Defendants regularly do business in this district.

### III. **PARTIES**

10. Plaintiff, Calisa Townes ("Townes" or "Plaintiff"), is an adult individual who resides in Philadelphia, Pennsylvania at the address captioned.

11. Townes is a "consumer" as that term is contemplated in the CCPA, 15 U.S.C. §1692a(3), 1693a(5).

12. Defendant Platinum Recoveries, LLC ("Platinum") is upon information and belief a limited liability company with a principal place of business in Santa Ana, California, and a mailing address as captioned.

13. Defendant Premium Receivables, LLC ("Premium") does business as Premium Asset Services and is upon information and belief a limited liability company with a principal place of business in Santa Ana, California, and a mailing address as captioned.

14. Defendant Worldwide Asset Recoveries, LLC ("WWAR") is upon information and belief a limited liability company with a principal place of business in Santa Ana, California, and a mailing address as captioned.

15. Upon information and belief WWAR and Premium collect consumer debts on behalf of Platinum.

16. Defendants are all "debt collectors" as that term is contemplated in the FDCPA, 15 U.S.C. §1692a(6).

17. Defendants are "person[s]" as defined by the TCPA, 47 U.S.C. § 153(39), and as defined by the EFTA, 15 U.S.C. §1693m.

3

## IV. STATEMENT OF CLAIM

### *Harassing Calls to Plaintiff's Cell Phone and Work Phone*

18. In or around April 2013, the Defendant debt collectors began placing collection phone calls to Plaintiff's cellular phone in the attempt to collect an alleged debt originating from an old HSBC credit account that had been used for primarily personal, family or household purposes.

19. In calls to Ms. Townes, Defendants' collection personnel threatened legal action, "court" proceedings, and garnishing Ms. Townes pay.

20. Defendants would feign being a law firm, referring to court proceedings and calling itself "PR and Associates" in telephone calls with Plaintiff.

21. Defendants falsely threatened Ms. Townes by stating that if she did not settle, Defendants can take legal action and garnish her wages.

22. In addition to harassing Ms. Townes on her cell phone, Defendants constantly called Plaintiff's work phone and spoke with her co-workers.

23. Again, when Ms. Townes would answer, the Defendants' collectors threatened legal action, court proceedings and garnishment.

24. Plaintiff works at a hospital, where she is not allowed to receive such a barrage of personal phone calls.

25. Plaintiff advised Defendants that she was not allowed to receive personal calls at work, and that if a call to her work line was unanswered, the call gets forwarded to her supervisor. This caused Plaintiff anxiety and distress.

26. On multiple different occasions, Defendants left a message with Plaintiff's supervisor (which was later passed to Plaintiff) asking for a call back to "PR and Associates."

4

27. Ms. Townes repeatedly told Defendants not to call her on her work and cell phone. Yet Defendants continued to call her work phone, a line she shared with other employees, and a line that would often forward these frivolous and impermissible calls by Defendants to Plaintiff's supervisor.

28. Defendants' collectors would speak to Plaintiff's co-workers and ask to speak with Plaintiff about a "personal" or "financial matter."

29. Defendants did not have permission nor a valid reason to contact Townes' employer as it already had Towne's location information as evidenced by the repeated collection phone calls to her cell phone, and collection notices from WWAR sent to her home. 15 U.S.C. §1692c(a)(3); c(b).

30. Defendants repeated calls to Townes and her employer were made in the effort to harass and abuse Plaintiff. 15 U.S.C. §1692d.

31. Further, the threats of suit were false, deceptive and misleading. 15 U.S.C. §1692e, e(5), e(10).

### *Defendants' Autodialed Calls Violate the TCPA*

32. Defendants called Ms. Townes' cell phone with an autodialer or prerecorded voice without her consent, in violation of the TCPA. 47 U.S.C. § 227(b)(1)(A)(iii).

33. Defendants are believed to have placed the calls to Plaintiff's cell phone with either an automatic telephone dialing system, as that term is defined in 47 U.S.C. § 227(a)(1), or an artificial or prerecorded voice.

34. All of the calls placed by Defendants to Plaintiff's cell phone were placed without Plaintiff's "prior express consent".

5

35.     Plaintiff regularly asked Defendants to stop calling her on her cell phone and to communicate with her only through the mail.

36.     These telephone calls by Defendants were not made for "emergency purposes," as defined by the Federal Communication Commission in 47 C.F.R. § 64.1200.

37.     Defendants willfully placed these calls to Plaintiff without her consent.

### *Defendants' Unauthorized Electronic Withdrawals*

38.     As a result of the harassing and deceptive calls to her cell phone and work phone, Plaintiff was pressured to give the Defendants her routing number and bank account number, and acquiesced to Defendants withdrawing $100.00 every other Thursday beginning May 10, 2013 to pay on the account.

39.     Ms. Townes told Defendants' that the exact dates of the authorized withdrawals (every other Thursday) was important, as the withdrawals would coincide with her pay day.

40.     Under the Electronic Funds Transfer Act, a consumer may authorize a pre-authorized electronic fund transfer only in writing. A copy of the authorization must be provided to the consumer when made. 15 U.S.C. § 1693e.

41.     Defendants did not seek, nor did Ms. Townes provide, a written authorization for these electronic fund transfers. Defendants violated the EFTA by failing to obtain a signed authorization from Ms. Townes as prescribed by § 1693e for a pre-authorized electronic fund transfer.

42.     Defendants made the scheduled withdrawals every other Thursday for three months, *i.e.*, May – July, 2013.

43. Then, without any notice and without any authorization (written or otherwise), Defendants withdrew $100.00 on August 9, 2013 – a non-scheduled withdrawal, on a non-pay day – which directly caused Ms. Townes' bank account to overdraft.

44. Defendants provided no notice of a change in the payment schedule, nor did it provide notice about the change in the electronic withdrawal.

45. Ms. Townes then called Defendants demanding that it stop all withdrawals.

46. Nevertheless on September 6, 2013, again a non-pay day, Defendants withdrew $100.00 again without authorization.

47. Ms. Townes called Defendants again and demanded that it stop the electronic withdrawals from her bank account.

48. Defendants then called Plaintiff on September 10, 2013 deceptively and misleadingly stating they will no longer honor an alleged "out of court settlement."

49. Defendants withdrew yet another $100.00 on November 1, 2013, and November 18, 2013, despite Ms. Townes' instructions to cease any and all electronic withdrawals.

50. Defendants' failure to abide Ms. Townes' instructions not to make any further electronic withdrawals was a continuation of the harassment, and a violation of the requirements of the FDCPA and the EFTA.

51. While the calls to Ms. Townes were by an outfit claiming to be WWAR or Premium, the auto-withdrawals were facilitated by and paid to Platinum. Upon information and belief, Platinum Recoveries is a bad debt buyer and debt collector, and WWAR and Premium were collecting on its behalf.

52. Defendants unfairly and unlawfully withdrew money from Ms. Townes' checking account without her permission and without an express agreement in violation of § 1692f, f(1).

7

53. Defendant also scheduled a post-dated payment by more than five days without notice to Ms. Townes before the payment was made, in violation of § 1692f(2).

***Consequences of Defendants Collection Abuse***

54. The Defendants' unauthorized withdrawals and repeated threatening and deceptive calls to Townes' cell and work phone directly caused her harm, including *inter alia*: overdraft fees and the unauthorized payments, aggravation, humiliation, embarrassment, anxiety, worry, fear of answering the phone, feelings of worthlessness and helplessness, fear for her livelihood and her reputation at work.

### COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT

55. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

56. The acts by Defendants described above violate the Fair Debt Collection Practices Act in the following ways:

    (a) By engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in the collection of a debt, in violation of 15 U.S.C. §1692d;

    (b) By using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f;

    (c) By using false, deceptive or misleading representations in connection with the collection of a debt, in violation of 15 U.S.C. §1692e; and

    (d) By communicating with third parties, in violation of 15 U.S.C. §1692c(b).

8

**WHEREFORE**, Plaintiff Calisa Townes demands judgment against Defendants, Platinum Recoveries, LLC, Premium Receivables, LLC, d/b/a Premium Asset Services and Worldwide Asset Recoveries, LLC for:

    (a)    Damages;

    (b)    Attorney's fees and costs;

    (c)    Such other and further relief as the Court shall deem just and proper.

## COUNT II
## ELECTRONIC FUNDS TRANSFER ACT

57. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

58. Defendants violated the Electronic Fund Transfers Act, 15 U.S.C. §1693, by electronically transferring funds from Plaintiff's account without proper authorization.

**WHEREFORE**, Plaintiff Calisa Townes demands judgment against Defendants Platinum Recoveries, LLC, Premium Receivables, LLC, d/b/a Premium Asset Services and Worldwide Asset Recoveries, LLC for:

    (a)    Damages;

    (b)    Attorney's fees and costs; and

    (c)    Such other and further relief as the Court shall deem just and proper.

## COUNT III
## TELEPHONE CONSUMER PROTECTION ACT

59. Plaintiff repeats the allegations contained above as if the same were here set forth at length.

60. Defendants have violated the TCPA, 47 U.S.C. § 227 et seq. by making any call (other than a call made for emergency purposes or made with the prior express consent of the

called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service. 47 U.S.C. § 227(b)(1)(A)(iii).

61. The telephone calls complained of herein were made without "prior express consent" and were not placed for an "emergency purpose".

62. Plaintiff is entitled, under the TCPA, to statutory damages of not less than $500.00 nor more than $1,500.00 for each autodialed or artificial/pre-recorded telephone call in violation of the TCPA.

**WHEREFORE**, Plaintiff Calisa Townes demands judgment against Defendants, Platinum Recoveries, LLC, Premium Receivables, LLC, d/b/a Premium Asset Services and Worldwide Asset Recoveries, LLC for the following:

(a) Statutory damages for each call, pursuant to the TCPA;

(b) A declaration that the calls made to Plaintiff violates the TCPA;

(c) Such other and further relief as the Court shall deem just and proper.

V. **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

Date: 3/26/14

CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiffs

FLITTER LORENZ, P.C.
450 N. Narberth Avenue, Suite 101
Narberth, PA  19072
(610) 822-0782